**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

BENTZ C. BRAUD, IV                                    CIVIL ACTION

VERSUS                                                        No. 10-1825

CHEVRON U.S.A. INC., ET AL.                         SECTION I

### ORDER AND REASONS

Before the Court is a motion[1] for summary judgment filed by defendant, Chevron U.S.A.

Inc. ("Chevron").  Plaintiff, Bentz C. Braud, IV, opposes[2] the motion.  For the following reasons,

the motion is **GRANTED**.

### *BACKGROUND*

Chevron owns and operates an offshore oil and gas production facility known as

TAHITI.[3]  TAHITI is not a vessel;[4] it is a truss spar structure anchored on the Outer Continental

Shelf, off the coast of Louisiana.[5]  Chevron hired Wood Group Production Services, Inc. ("Wood

Group") to provide mechanics and production operators to work on TAHITI.[6]

Plaintiff is a payroll employee of Wood Group and in December 2009, Wood Group sent

plaintiff to work for Chevron on TAHITI.[7]  Plaintiff worked continuously at that location for

nearly four months.[8]  During that time, plaintiff worked as a mechanic on the TAHITI

---

[1] R. Doc. No. 30.
[2] R. Doc. No. 33.
[3] R. Doc. No. 30-4, p.1.
[4] *Id.*
[5] *Id.* at p.2.
[6] *Id.*
[7] *Id.*
[8] *Id.*

performing work for Chevron's business.[9]  He received his direction, supervision, and instruction

from Chevron's maintenance foreman.[10]  Chevron provided plaintiff with the tools and

equipment necessary to accomplish his work.[11]  Chevron also signed the paperwork necessary

for plaintiff to perform mechanical work on TAHITI.[12]

     During the course of plaintiff's work on TAHITI, Wood Group did not have a supervisor

on TAHITI.[13]  Plaintiff's supervisor at Wood Group worked in an office in Lafayette

Louisiana.[14]  Chevron signed off on plaintiff's time sheets and the time sheets were sent to Wood

Group, which, in turn, billed Chevron based on those time sheets.[15]

     On March 24, 2010, plaintiff alleges that in the course of his work, he was retrieving his

camera from the tool locker when a heavy piece of machinery fell off the top of the locker and

struck his shoulder and elbow.[16]  Plaintiff filed this lawsuit seeking recovery in tort from

Chevron based on the alleged negligent acts of its employees.[17]  Defendant has filed a motion for

summary judgment claiming that plaintiff is precluded from bringing a tort lawsuit against

Chevron pursuant to the Longshore and Harbor Works Compensation Act ("LHWCA").


## *LAW AND ANALYSIS*

## I.    STANDARD OF LAW

     Summary judgment is proper when, after reviewing "the pleadings, the discovery and

disclosure materials on file, and any affidavits," the court determines there is no genuine issue of

---

[9] R. Doc. No. 30-4, p.2.
[10] *Id.*
[11] *Id.* at p.3.
[12] *Id.*
[13] *Id.* at p.2.
[14] *Id.*
[15] *Id.* at p.3.
[16] R. Doc. No. 1, p.5.
[17] *Id.* at p.8.

material fact. Fed. R. Civ. P. 56(c).  The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case.  *Celotex*, 477 U.S. at 323; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).  Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.*  The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

## II.    ANALYSIS

Chevron asserts that plaintiff cannot bring a lawsuit in tort against it in light of his status as Chevron's borrowed employee.  "Under the LHWCA, workers' compensation is the exclusive

remedy for an employee against his 'employer.'  The Fifth Circuit has extended this tort immunity provision to include borrowing employers under the "borrowed employee" doctrine. *Allen v. Texaco, Inc.*, 2001 WL 611391, at *2 (E.D. La. Jun. 5, 2001) (citing 33 U.S.C. §§ 904(a), 905(a); *Total Marine Servs., Inc. v. Director, Office of Worker's Compensation Programs*, 87 F.3d 774, 777 (5th Cir. 1996)).  The exclusive remedy for an employee injured "by the negligence or wrong of any other person or persons in the same employ" is workers' compensation. *Id.*

Plaintiff concedes that the borrowed employee doctrine applies to him.[18]  Instead, plaintiff argues that "the Fifth Circuit got it wrong when it decided that, in the borrowed servant context, the remedy of the injured employee is exclusively his remedy under the LHWCA."[19] Plaintiff argues that the borrowed servant doctrine should not immunize a borrowing employer unless the borrowing employer was under a duty to provide, and actually does provide, workers' compensation insurance to the borrowed employee.

Plaintiff recognizes that this is not the law in the Fifth Circuit.  In *Doucet v. Gulf Oil Corp.*, 78 F.2d 518 (5th Cir. 1986), Doucet was a payroll employee of Danos & Curole, which supplied labor to Gulf Oil Corporation. *Id.* at 520.  After a jury determined that Doucet was Gulf's employee, Doucet argued on appeal that the borrowed servant doctrine should not immunize Gulf from tort liability unless the nominal employer, Danos & Curole, failed to obtain workers' compensation insurance and, therefore, passed that obligation to Gulf. *Id.* at 522.  The Fifth Circuit rejected Doucet's argument:

> This circuit has consistently held that, if an oil company assumed so much control over the activities of a person who is nominally the employee of the company's subcontractor as to make that person in effect its borrowed employee, the company is

---

[18] R. Doc. No. 33, p.2.
[19] *Id.*

4

> shielded by the exclusivity of the compensation remedy from tort liability…The 1984 amendments [to the LHWCA] did not abolish this defense by implication….The legislative history of the 1984 amendments unambiguously demonstrates that Congress's *sole* purpose in amending § 904(a) and § 905(a) was to overrule *WMATA*, and not to amend the borrowed-0servant doctrine or otherwise modify LHWCA law.

*Id.* (citing *West v. Kerr-McGee Corp.*, 765 F.2d 526, 530 (5th Cir. 1985).

Plaintiff urges this Court to disregard Fifth Circuit precedent directly applicable to the issue in this case.  However, the decision to overturn the fixed law of the circuit must be made by the Fifth Circuit.  Until it does so, this Court must follow the Fifth Circuit's binding precedent.

Accordingly,

**IT IS ORDERED** that defendant's motion for summary judgment is **GRANTED** and plaintiff's claim is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, May 17, 2011.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**